1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

8

ANDRE SIMS,

9                               Plaintiff,                NO.

10                                                        SUMMONS

11          vs.

12     MIDLAND FUNDING, LLC and GORDON,
       AYLWORTH, & TAMI, P.C.,

13                               Defendants.

14

15     **TO THE DEFENDANT:**  MIDLAND FUNDING, LLC:

16          A lawsuit has been started against you in the above-entitled court by the Plaintiff.  This claim

17     is stated in the written Complaint, a copy of which is served upon you with this Summons.

18          In order to defend against this lawsuit, you must respond to the Complaint by stating your

19     defense in writing, and by serving a copy upon the person signing this Summons within twenty (20)

20     days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of

21     service, or a default judgment may be entered against you without notice.  A default judgment is one

22     where a plaintiff is entitled to what has been asked for because you have not responded.  If you serve

23     a notice of appearance on the undersigned person, you are entitled to a notice before a default

judgment may be entered.

Summons - 1

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

Exhibit 1
Page 1 of 31

1        If you wish to seek the advice of an attorney on this matter, you should do so promptly so that

2   your written response, if any, may be served on time.

3        **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

4   State of Washington.

5

6        Respectfully submitted this 8th day of July, 2020.

7

8                     ANDERSON SANTIAGO, PLLC

9

10                  By:
                     Jason D. Anderson, WSBA No. 38014

11                  Attorneys for Plaintiff
                     787 Maynard Ave. S.

12                  Seattle, WA 98104
                     (206) 395-2665

13                  (206) 395-2719 (fax)

14

15

16

17

18

19

20

21

22

23

Summons - 2

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Exhibit 1
Page 2 of 31

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

ANDRE SIMS,

              Plaintiff,

    vs.

MIDLAND FUNDING, LLC and
GORDON, AYLWORTH, & TAMI, P.C.,

           Defendants.

NO.

**COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 ET SEQ. AND RCW CHAPTERS 19.16 AND 19.86 ET SEQ.**

COMES NOW Plaintiff, Andre Sims, by and through counsel, who alleges:

## I.    PARTIES AND JURISDICTION

1.    Plaintiff Andre Sims is an individual who resides in Washington State.

2.    Defendant Midland Funding, LLC ("Midland"), a California Limited Liability Company, is a debt collector and collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiff.  Midland's registered agent is, Corporation Service Company, 300 Deschutes Way SW Suite 209 MC-CSC1, Tumwater, WA 98501.

3.    Defendant Gordon, Aylworth, & Tami, PC ("GAT"), an Oregon Domestic

Complaint - 1

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665 / F (206) 395-2719

Exhibit 1
Page 3 of 31

1   Professional Corporation, is a debt collector and collection agency doing business in

2   Washington, and who attempted to collect an alleged debt from the Plaintiff.  GAT, which has no

3   registered agent in Washington, has an Oregon registered agent as follows: Matthew Aylworth,

4   P.C., 4023 W. First Ave, Eugene, OR 97402.

5        4.     Jurisdiction over Defendants is proper as Defendants are doing business in

6   Washington State and venue is appropriate in King County, Washington.

7                  **II.**    **FACTS**

8        5.     On November 7, 2019, Plaintiff was served with a collection lawsuit by

9   Defendant GAT on behalf of Defendant Midland.  A copy of the collection lawsuit is attached as

10   **Exhibit A**.

11        6.     On November 20, 2019, Mr. Sims called GAT to discuss resolving the lawsuit, as

12   he wished to honor his obligations.   During the call, he spoke with one of GAT's representatives

13   and had a discussion about payment arrangements.

14        7.     Mr. Sims and GAT's representative agreed on a payment plan, whereby Mr. Sims

15   would pay $300.00 per month, until paid in full.  GAT's representative instructed Mr. Sims to

16   await paperwork in the mail, which he would need to sign and return.  The purpose of Mr. Sims

17   resolving the matter in this way was, obviously, to stop the lawsuit from going forward.

18        8.     Plaintiff, who is not a lawyer, waited for GAT, a law firm, to follow through with

19   its promise to send him further documentation on the agreement.  As the holiday season had just

20   begun, Mr. Sims commenced his seasonal duties while he awaited GAT's written materials.

21        9.     However, the next thing Mr. Sims heard about the case was from his church's

22   administration – evidently, GAT was garnishing his wages.  This was, of course, profoundly

23   embarrassing to say the least.

Complaint - 2

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Exhibit 1
Page 4 of 31

1    10.    Specifically, on or about May 13, 2020, Defendants sent a garnishment letter and

2    a writ of garnishment to Christ the King Bible Fellowship, who looked to Mr. Sims for guidance

3    on how to proceed.  A copy of these documents are attached as **Exhibit B**.

4    11.    A review of King County District Court's case records reveals that Defendants

5    filed a motion for default judgment on December 30, 2019.  A copy of the motion is attached as

6    **Exhibit C**.

7    12.    Despite Mr. Sims' appearance – contacting Midland's attorney GAT specifically

8    due to the service of a lawsuit – and despite the parties' agreement to stop the lawsuit, GAT

9    moved for a default judgment **without giving notice** to Mr. Sims, contrary to CRLJ 55.[1]

10    13.    Conveniently, Defendants swore under penalty of perjury that Defendant had "not

11    filed an appearance and…not filed or served any pleading."  A true and correct copy of

12    Defendants' declaration in support of default is attached as **Exhibit D**.  This objectively true

13    statement is misleading, however, due to the omission of the foregoing material facts, and is not

14    the standard for default judgments under the civil rules.

15    14.    Based on Defendants' misrepresentations, the district court entered a default

16    judgment in favor of Midland, and against Mr. Sims, on February 6, 2020.  The judgment

17    awarded $3,618.13 and 9% interest per annum.

18    15.    Mr. Sims acted as responsibly as he could when he received a collection lawsuit.

19    He contacted the debt collector's attorney and made payment arrangements within the time

20    prescribed by CRLJ 4.  However, Defendants failed to follow through on their end of the

21    bargain, and instead went behind Mr. Sims' back, contrary to the civil rules, and obtained a

22

23
---
[1] Any party who has appeared in the action **for any purpose**, shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion.  CRLJ 55(a)(3).

Complaint - 3

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Exhibit 1
Page 5 of 31

1   default judgment.

2        16.    These actions resulted in Mr. Sims receiving a surprise garnishment at his house

3   of worship, where he is a spiritual and moral leader.  Perhaps in the most ironic turn of events

4   possible, Mr. Sims was literally the victim of a false judgment.  Of course, there should have

5   been no judgment in the first place, as he had made an agreement with the Defendants that they

6   did not honor.

7        17.    As a result of Defendants' actions detailed above, Mr. Sims has incurred expenses

8   in seeking and retaining counsel in connection with ascertaining his legal rights and

9   responsibilities, on information and belief has suffered damaged credit, and has suffered

10  financial uncertainty, unease, and distress caused by Defendants' tactics and communications,

11  which are false, misleading, improper, and/or confusing.

12  **III.    CAUSES OF ACTION**

13  **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

14       18.    With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. §

15  1692a(3) and Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6).

16       19.    With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW

17  19.16.100(7) and Defendant is a collection agency as defined by RCW 19.16.100(4).

18       20.    For claims arising under the Fair Debt Collection Practices Act, such claims are

19  assessed using the "least sophisticated debtor" standard.  *Guerrero v. RJM Acquisitions LLC*, 499

20  F.3d 926, 934 (9th Cir. 2007).

21  **Count 1 (and all subcounts)**

22       21.    A debt collector may not use any false, deceptive, or misleading representation or

23  means in connection with the collection of any debt. 15 U.S.C. § 1692e. Additionally, it is a

Complaint - 4

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Exhibit 1
Page 6 of 31

1 violation to falsely represent the character, amount, or legal status of any debt.  § 1692e(2).

2    22. Defendants made false, deceptive, and misleading representations when they took

3 the following actions:

4      a. Obtained a default judgment when Defendants failed to provide notice of the

5        default motion to Plaintiff as required by CRLJ 55, because Mr. Sims had

6        appeared in the case

7      b. Misrepresented to the district court the standard by which a default may be

8        entered

9      c. Obtained a default judgment based upon false and misleading representations

10     d. Issued a writ of garnishment on a void (or otherwise improperly procured by

11       fraud or false statements) judgment

12     e. Misrepresented to Mr. Sims that the parties had reached an agreement which

13       would stop the case from going forward, yet went behind his back and obtained a

14       default judgment

15    23. Therefore, Defendants violated 15 U.S.C. § 1692e and/or § 1692e(2).

16           **Count 2 (and all subcounts)**

17    24. A debt collector may not use unfair or unconscionable means to collect or attempt

18 to collect any debt.  15 U.S.C. § 1692f.

19    25. Plaintiff realleges paragraph 22, *supra*.

20    26. For the above-stated reasons, Defendants therefore violated 15 U.S.C. § 1692f on

21 multiple occasions.

22    **GENERAL ALLEGATIONS APPLICABLE TO ALL CPA CLAIMS**

23    27. Violations of RCW 19.16.250 are per se violations of the Consumer Protection

Complaint - 5

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Exhibit 1
Page 7 of 31

1   Act ("CPA"), RCW chapter 19.86.[2]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble

2   damages (to a limit of $25,000) and attorney's fees.

3       28.    Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

4   counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

5       29.    Even minimal or nominal damages constitute "injury" under the CPA.  *Panag*,

6   166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even

7   "unquantifiable damages" suffice to establish "injury" for purposes of the CPA.  *Id.* (citing

8   *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

9   **Count 3**

10      30.    A collection agency man not collect or attempt to collect any sum other than

11  principal, allowable interest, collection costs or handling fees expressly authorized by statute, and

12  in the case of suit attorney's fees and taxable court costs.  RCW 19.16.250(21).

13      31.    Here, Defendants collected and attempted to collect numerous items that were not

14  allowable:

15      a.    Attorney's fees that were unnecessary given the fact that Mr. Sims made an

16      agreement to make payments on the alleged debt without the need for further

17      litigation

18      b.    Unnecessary litigation costs and garnishment fees for the same reason

19      c.    Interest that was only awarded due to Defendants obtaining an improper judgment

20      32.    Defendants therefore violated RCW 19.16.250(21).

21  **Count 5**

22

23    [2] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 6

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Exhibit 1
Page 8 of 31

1         33.     RCW 19.16.250(15) prohibits a collection agency from communicating with the

2   debtor and representing that the existing obligation may be or has been increased by the addition

3   of fees when such fees may not be legally added.

4         34.     Defendants added fees and interest that were only awarded as a consequence of

5   false statements and misrepresentations (namely, in the judgment), which then led to Defendants

6   seeking further costs in the writ of garnishment. Neither should have occurred, for reasons stated

7   above.

8         35.     Therefore, Defendants violated RCW 19.16.250(15) on several occasions.

9                           **Count 6 – Injunctive Relief**

10        36.     A plaintiff may seek injunctive relief for violations of the Consumer Protection

11   Act. RCW 19.86.090.

12        37.     Plaintiff does seek injunctive relief from this Court which would enjoin

13   Defendants from collecting debts in the manner described above from both Plaintiff and any

14   other person similarly situated. *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

15        38.     Specifically, Plaintiff seeks an injunction prohibiting Defendants from using the

16   wrong standard to obtain default judgments, namely relying solely upon whether a

17   debtor/defendant has filed a notice of appearance or responsive pleading, as those are not the

18   only means by which an appearance is accomplished under CRLJ 55.

19        39.     Plaintiff has reason to believe these actions make up a pattern and practice of

20   behavior and have impacted other individuals similarly situated.

21        40.     Injunctive relief is necessary to prevent further injury to Plaintiff and to the

22   Washington public as a whole.

23        41.     Injunctive relief should therefore issue as described herein.

Complaint - 7

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE WA 98104
(206) 395-2665/F (206) 395-2719

Exhibit 1
Page 9 of 31

1

### IV. **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiff prays:

3      1.     For Judgment against Defendants for actual damages.

4      2.     For statutory damages of $1,000.00 for FDCPA violations, per Defendant.

5      3.     For statutory damages of $2,000.00 per violation for Washington Collection

6  Agency Act and Consumer Protection Act violations, per Defendant.

7      4.     For treble damages, pursuant to RCW 19.86.090, calculated from the damages

8  determined by the court.

9      5.     For costs and reasonable attorney's fees as determined by the Court pursuant to

10  15 U.S.C. 1692k(a)(3) and other applicable law.

11      6.     For injunctive relief pursuant to RCW 19.86.090 as described above.

12

13      Respectfully submitted this 8th day of July, 2020.

14                 ANDERSON SANTIAGO, PLLC

15

16                 By:

                    Jason D. Anderson, WSBA No. 38014

17                 Attorneys for Plaintiff
                    787 Maynard Ave. S.

18                 Seattle, WA 98104
                    (206) 395-2665

19                 (206) 395-2719 (fax)

20

21

22

23

Complaint - 8

Exhibit 1
Page 10 of 31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

Exhibit 1
Page 11 of 31

Electronically Filed
10/31/2019 3:21:10 PM
19CIV15376KCX
King County District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Golden, Haywood & Faith, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338  Eugene, OR 97402
Phone: (541) 342-2276  Fax: (541) 343-8059  Email: info@gatlawfirm.com

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY SOUTH DIVISION - BURIEN COURTHOUSE

MIDLAND FUNDING, LLC,

                        Plaintiff,

vs.

ANDRE SIMS,

                        Defendant.

Case No. _____

COMPLAINT
(For Breach of Contract)

Plaintiff alleges:

BREACH OF CONTRACT

**1.**

    Plaintiff is a limited liability company, which for good and valuable consideration purchased Defendant's Citibank, N.A./Sears credit account and contract and all of the associated rights thereunder.

**2.**

    Plaintiff has satisfied the bonding requirements and is a duly licensed collection agency pursuant to RCW Chapter 19.16.  A true copy of said license is attached hereto.

**3.**

    Defendant, an individual residing in King County Washington, entered into a contract with Citibank, N.A./Sears for a credit account.  The credit account was issued to Defendant under the account number *************3547.

**4.**

    Citibank, N.A./Sears supplied the credit account to Defendant subject to an agreement to repay all amounts charged to the account plus all associated costs and fees.

Page 1 -- Complaint

Exhibit 1
Page 12 of 31

**5.**

Defendant thereafter used the credit account and became indebted to Citibank, N.A./Sears.

**6.**

Citibank, N.A./Sears performed its obligations under the terms of the contract.

**7.**

Defendant breached the contract by failing to make payment(s) as agreed.   As a result, Defendant's credit account was charged off for delinquency on August 19, 2018.

**8.**

As a result of Defendant's breach, Defendant is indebted to Plaintiff in the sum of $3,455.13, which includes principal and interest. Plaintiff is also entitled to costs and disbursements. Plaintiff also seeks interest on the judgment total at the state statutory rate of 9% per annum from the date of judgment until paid.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. The sum of $3,455.13, which includes principal and interest;

2. Plaintiff's costs and disbursements incurred herein; and

3. Interest on the judgment total at the rate of 9% per annum from the date of judgment until paid.

Dated this  28th  day of October, 2019.

Gordon, Aylworth & Tami, P.C.

[ ] Matthew R. Aylworth, WSBA #37892
[ ] Eleanor Tami, WSBA #45038
[✓] Peter A. Zochowski, WSBA #54455
[ ] Taylor K. Jennings, WSBA #55320
of Attorneys for Plaintiff

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338  Eugene, OR 97402
Phone: (541) 342-2276  Fax: (541) 343-8059  Email: info@gatlawfirm.com

Page 2 -- Complaint

Exhibit 1
Page 13 of 31

DETACH BEFORE POSTING



# BUSINESS LICENSE

**STATE OF WASHINGTON**

Limited Liability Company

Unified Business ID #: 602799069
Business ID #: 001
Location: 0001
Expires: Jan 31, 2020

MIDLAND FUNDING LLC
2365 NORTHSIDE DR, 3RD FLOOR
SAN DIEGO, CA 92108

OUT OF STATE COLLECTION AGENCY - NO FEE - ACTIVE

TAX REGISTRATION - ACTIVE

This document lists the registrations, endorsements, and licenses authorized for the business named above. By accepting this document, the licensee certifies the information on the application was complete, true, and accurate to the best of his or her knowledge, and that business will be conducted in compliance with all applicable Washington state, county, and city regulations.

*Vikki Smith*

Director, Department of Revenue

Exhibit 1
Page 14 of 31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT B

Exhibit 1
Page 15 of 31

 **GORDON, AYLWORTH & TAMI, P.C.**
ATTORNEYS AT LAW

*Attorneys and Jurisdictions*
Daniel N. Gordon [1939-2019]
Matthew R. Aylworth [OR WA ID]
Eleanor Tami [OR WA ID]
Taylor K. Jennings [OR WA]
Parker R. Brigance [OR]

Christ the King Bible Fellowship
35448 11th Ave SW
Federal Way, WA 98023

May 13, 2020

**Attention:  Payroll Department**

Re:   Midland Funding, LLC v. Andre Sims
       King County District Court South Case No. 19CIV15376KCX
       Employee SSN:    ***-**-8023

Dear Payroll Department:

Enclosed please find a copy of the Writ of Garnishment and one copy of the First Answer to the Writ.  Please fill out the Answer Form in blue or black ink, and mail one copy to our office, one copy to the Clerk of the Court, and one copy to your employee. This writ is issued by the attorney of record for the plaintiff under the authority of Chapter 6.27 of the Revised Code of Washington, and must be complied with in the same manner as a writ issued by the clerk of the court.  Failure to comply with the Legal Writ of Garnishment may result in your company being held responsible for the paying the entire debt.  Please return within 30 days.

Thank you for your assistance in this matter.

Sincerely yours,
Gordon, Aylworth & Tami, P.C.

mh
Encl.

This communication is from a debt collector.
**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

4023 W 1st Avenue    P.O. Box 22338    Eugene, OR  97402    Toll Free: 800-311-8566    Fax: 541-343-8059    email: info@gatlawfirm.com

Exhibit 1
Page 16 of 31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY SOUTH DIVISION - BURIEN COURTHOUSE

MIDLAND FUNDING, LLC,

                Plaintiff,

    vs.

ANDRE SIMS,

                Defendant,

    vs.

CHRIST THE KING BIBLE FELLOWSHIP,

                Garnishee Defendant.

Case No. 19CIV15376KCX

**FIRST ANSWER TO WRIT OF GARNISHMENT FOR CONTINUING LIEN ON EARNINGS**
**This garnishment is based on a judgment or order for consumer debt.**

SECTION I:    If you are withholding the defendant's nonexempt earnings under a previously served writ for a continuing lien, answer only sections I and III of this form and mail or deliver the forms as directed in the writ.  Withhold from the defendant's future nonexempt earnings as directed in the writ, and a second set of answer forms will be forwarded to you later.

On the date the Writ of Garnishment was issued as indicated by the date appearing on the last page of the writ,

(A)   The defendant [ ] was [ ] was not employed by garnishee.  If not employed and you have no possession or control of any funds of defendant, indicate the last day of employment:_____; and complete section III of this answer and mail to deliver the forms as directed in the writ;

(B)   The defendant [ ] did [ ] did not maintain a financial account with garnishee; and

Page – 1 – First Answer to Writ of Garnishment
Case No. 19CIV15376KCX

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Exhibit 1
Page 17 of 31

(C)   The garnishee [ ] did [ ] did not have possession of or control over any funds, personal property, or effects of the defendant.   (List all of defendant's personal property or effects in your possession or control on the bottom of the last page of this answer form or attached a schedule if necessary.)

ANSWER:     I am presently holding the defendant's nonexempt earnings under a previous writ served on _____, 20__ that will terminate not later than _____, 20__.

If you are NOT withholding the defendant's earnings under a previously served writ for a continuing lien, answer this entire form and mail or deliver the forms as directed in the writ. A second set of answer forms will be forwarded to you later for subsequently withheld earnings.

SECTION II:  At the time of service of the Writ of Garnishment on the garnishee, there was due and owing from the garnishee to the above-named defendant $_____.

This writ attaches a maximum of 20% of the Defendant's disposable earnings (that is, compensation payable for personal services, whether called wages, salary, commission, bonus, or otherwise, and including periodic payments pursuant to a non-governmental pension or retirement program).  Calculate the attachable amount as follows:

Gross Earnings:                                          $_____(1)

Less deductions required by law (Social Security,
federal withholding tax, etc.  Do not include deductions
for child support orders or Government liens here.

Deduct child support orders and liens on line 7):   $_____(2)

Disposal Earnings (subtract line 2 from 1)          $_____(3)

Enter 80% of line 3                                     $_____(4)

Enter one of the following exempt amounts*:            $_____(5)

| If paid: | Weekly: | $472.50 | Semi-monthly: | $1,023.75 |
| | Bi-Weekly: | $945 | Monthly: | $2,047.50 |

Page – 2 – First Answer to Writ of Garnishment
Case No. 19CIV15376KCX

Gordon, Aylworth & Taml, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Exhibit 1
Page 18 of 31

1  *These are minimum exempt amounts that the defendant must be paid (thirty-five times the
2  state minimum wage).  If your answer covers more than one pay period, multiply the
3  preceding amount by the number of pay periods and/or fraction thereof your answer
4  covers.  If you use a pay period not shown, prorate the monthly exempt amount.
5  Subtract the larger of lines 4 and 5 from line 3:          $_____(6)
6
7  Enter amount (if any) withheld from this paycheck for
   ongoing government liens such as child support:          $_____(7)
8
9  Subtract line 7 from line 6.  This amount must be held
10 out for the plaintiff.                                     $_____(8)
11
12 This is the formula that you will use for withholding each pay period over the required sixty-
13 day garnishment period.  Deduct any allowable processing fee you may charge from the
14 amount that is to be paid to the defendant.  If there is any uncertainty about your answer
15 give an explanation on the last page or on an attached page.
16
17
18 _____          _____
19 Signature of person answering for        Date
20 Garnishee
21 _____          _____
22 Print name of person signing             Address of Garnishee
23
24
25
26
27
28

Page – 3 – First Answer to Writ of Garnishment
Case No. 19CIV15376KCX

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Exhibit 1
Page 19 of 31

If necessary, use this space to supplement your answer from the first and second pages:

1
2
3 _____
4 _____
5 _____
6 _____
7 _____
8 _____
9 _____
10 _____
11 _____
12 _____
13 _____
14 _____
15 _____
16 _____
17 _____
18 _____
19 _____
20 _____
21 _____
22 _____
23 _____
24 _____
25 _____
26 _____
27 _____
28 _____

Page – 4 – First Answer to Writ of Garnishment
Case No. 19CIV15376KCX

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Exhibit 1
Page 20 of 31

SECTION III: An attorney may answer for the garnishee.

Under penalty of perjury, I affirm that I have examined this answer, including accompanied

schedules, and to the best of my knowledge and belief it is true, correct and complete.

_____          _____
Signature of Garnishee Defendant                    Date

Page – 5 – First Answer to Writ of Garnishment
Case No. 19CIV15376KCX

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1ˢᵗ Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Exhibit 1
Page 21 of 31

1
2
3
4
5
6
7
8
9
10

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY SOUTH DIVISION - BURIEN COURTHOUSE

11  MIDLAND FUNDING, LLC,

12                                         Plaintiff,          Case No. 19CIV15376KCX

13          vs.

14  ANDRE SIMS,                                               WRIT OF GARNISHMENT
                                                              CONTINUING LIEN ON EARNINGS
15                                         Defendant,                 (60 days)
                                                              AND DECLARATION FOR
16          vs.                                                      GARNISHMENT
                                                              **This garnishment is based on a**
17  CHRIST THE KING BIBLE FELLOWSHIP,                         **judgment or order for consumer**
                                                              **debt.**
18                              Garnishee Defendant.

19

20  THE STATE OF WASHINGTON, TO: Christ the King Bible Fellowship, Garnishee; and

21  to, Andre Sims Defendant;

22          The above-named Plaintiff has issued this Writ of Garnishment (constituting a

23  continuing lien on earnings) against you, claiming that the above named Defendant is

24  indebted to Plaintiff and that the amount to be held to satisfy that indebtedness is

25  3701.89, consisting of:

26  //

27  //

28  //

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1ˢᵗ Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@getlawfirm.com

Page – 1 – Writ of Garnishment
Case No. 19CIV15376KCX

Exhibit 1
Page 22 of 31

| | | |
|---|---|---|
| Original Judgment Total | | $3618.13 |
| Interest Accruing at a daily charge of | | $.89 |
| Post Judgment Interest from February 6, 2020 to April 14, 2020 | | $61.56 |

**No interest accrued on this judgment from April 14 through May 14, 2020.**

| | | |
|---|---|---|
| Less Payments on Judgment: | | $0.00 |
| Total Prior Garnishment Costs | | $0.00 |
| Total Post Judgment Costs | | $0.00 |
| Total cost for Obtaining Lien | | $0.00 |
| Current Garnishment Costs: | | $22.20 |
| Consisting of: | | |
| Filing Fee & Ex Parte Fee: | | $12.00 |
| Certified Mail: | | $10.20 |
| Total Amount Owed: | | $3701.89 |

**THIS IS A WRIT FOR A CONTINUING LIEN.  THE GARNISHEE SHALL HOLD** the nonexempt portion of the Defendant's earnings due at the time of service of this writ and shall also hold the Defendant's nonexempt earnings that accrue through the last payroll period ending on or before SIXTY (60) days after the date of service of this writ. **HOWEVER, IF THE GARNISHEE IS PRESENTLY HOLDING THE NONEXEMPT PORTION OF THE DEFENDANT'S EARNINGS UNDER A PREVIOUSLY SERVED WRIT FOR A CONTINUING LIEN, THE GARNISHEE SHALL HOLD UNDER THIS WRIT** only the Defendant's nonexempt earnings that accrue from the date the previously served writ or writs terminate and through the last payroll period ending on or before sixty (60) days after the date of the termination of the previous writ or writs. **IN EITHER CASE, THE GARNISHEE SHALL STOP WITHHOLDING WHEN THE SUM WITHHELD EQUALS THE AMOUNT STATED IN THIS WRIT OF GARNISHMENT.**

**YOU ARE HEREBY COMMANDED,** unless otherwise directed by the court or by this writ not to pay any debt, whether earnings subject to this garnishment or any other debt, owed to the defendant at the time this writ was served and not to deliver, sell, or transfer, or recognize any sale or transfer of, any personal property or effects of the defendant in your possession or control at the time when this writ was served.  Any such payment, delivery, sale, or transfer is void to the extent necessary to satisfy the plaintiff's claim and costs for this writ with interest.

Page – 2 – Writ of Garnishment
Case No. 19CIV15376KCX

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1ˢᵗ Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Exhibit 1
Page 23 of 31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**YOU ARE FURTHER COMMANDED** to answer this writ by filling in the attached form according to the instructions in this writ and in the answer forms and, within twenty days after the service of the writ upon you, to mail or deliver the original of such answer to the court, one copy to the plaintiff or the plaintiff's attorney, and one copy to the defendant at the addresses listed at the bottom of the writ.

If, at the time this writ was served, you owed the defendant any earnings (that is, wages, salary, commission, bonus, or other compensation for personal services or any periodic payments pursuant to nongovernmental pension or retirement program), the defendant is entitled to receive amounts that are exempt from garnishment under federal and state law. You must pay the exempt amounts to the defendant on the day you would customarily pay the compensation or other periodic payment.  As more fully explained in the answer, the basic exempt amount is the greater of seventy-five percent of disposable earnings or a minimum amount determined by reference to the employee's pay period, to be calculated as provided in the answer. However, if this writ carries a statement in the heading of **"This garnishment is based on a judgment or order for consumer debt,"** the basic exempt amount is the greater of eighty percent of disposable earnings, or thirty five times the state minimum hourly wage

**IF THIS IS A WRIT FOR A CONTINUING LIEN ON EARNINGS, YOU MAY DEDUCT A PROCESSING FEE FROM THE REMAINDER OF THE EMPLOYEE'S EARNINGS AFTER WITHHOLDING UNDER THE GARNISHMENT ORDER, NOT TO EXCEED TWENTY DOLLARS FOR THE FIRST DISBURSEMENT.  YOU MAY DEDUCT THE PROCESSING FEE OF TWENTY DOLLARS AT THE TIME YOU REMIT THE FIRST ANSWER AND TEN DOLLARS AT THE TIME YOU SUBMIT THE SECOND ANSWER.**

If you owe the defendant a debt payable in money in excess of the amount set forth in the first paragraph of this writ, hold only the amount set forth in the first paragraph and any processing fee if one is charged and release all additional funds or property to defendant.

**IF YOU FAIL TO ANSWER THIS WRIT AS COMMANDED, A JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE FULL AMOUNT OF THE PLAINTIFF'S CLAIM AGAINST THE DEFENDANT WITH ACCRUING INTEREST, ATTORNEY FEES, AND COSTS WHETHER OR NOT YOU OWE ANYTHING TO THE DEFENDANT.  IF YOU PROPERLY ANSWER THIS WRIT, ANY JUDGMENT AGAINST YOU WILL NOT EXCEED THE AMOUNT OF ANY NONEXEMPT DEBT OR THE VALUE OF ANY NONEXEMPT PROPERTY OR EFFECTS IN YOUR POSSESSION OR CONTROL.**

//

//

**JUDGMENT MAY ALSO BE ENTERED AGAINST THE DEFENDANT FOR COSTS AND FEES INCURRED BY THE PLAINTIFF.**

//

Page – 4 – Writ of Garnishment
Case No. 19CIV15376KCX

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1ˢᵗ Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Exhibit 1
Page 24 of 31

1   //

2

3   //

4   //

5

6   **This Writ is issued by the undersigned attorney of record for Plaintiff under the**
7   **authority of Chapter 6.27 RCW and must be complied with in the same manner as**
    **a writ issued by the clerk of the court.**

8

9

10  Dated: May __15__, 2020.

11

12                                          Gordon, Aylworth & Tami, P.C.

13                                          _Eleanor Tami_

14                                          [ ] Matthew R. Aylworth, WSBA #37892
                                            [✓] Eleanor Tami, WSBA #45038
15                                          [ ] Taylor K. Jennings, WSBA #55320
                                            Of Attorneys for Plaintiff
16                                          PO Box 22338
                                            Eugene, OR 97402
17

18

19  **Employee name:**        Andre Sims
    **Address:**              2124 SW 308th Ct, Federal Way WA 98023
20  **Social Security No.**   ***-**-8023

21

22  **Court Address:**
    King County District Court
23  601 S.W. 149th St.
    Burien, WA 98166
24

25

26

27

28

                                                        Gordon, Aylworth & Tami, P.C.
                                                        Attorneys at Law
                                                        4023 W 1st Ave / P.O. Box 22338
                                                        Eugene, OR 97402
    Page – 4 – Writ of Garnishment                      Phone: (541) 342-2276 Fax: (541) 343-8059
    Case No. 19CIV15376KCX                              Email: info@gatlawfirm.com

Exhibit 1
Page 25 of 31

## **DECLARATION FOR GARNISHMENT**

Plaintiff holds an unsatisfied Judgment against Defendant(s) entered on February 6, 2020 with a balance due under said Judgment in the amount of $3701.89 plus interest and costs. The Plaintiff has reason to believe, and does believe, that the above named Garnishee is indebted to the Defendant in amounts exceeding those exempted from Garnishment by any state or federal law, or that the Garnishee has possession or control of personal property of effects belonging to the Defendant which are not exempted from garnishment by any state or federal law. The Garnishee is the employer of the Judgment Debtor. To the best of the undersigned's knowledge, the Garnishee's address is:

35448 11th Ave SW, Federal Way, WA 98023

I certify under penalty of perjury, under the law of the State of Washington, that the foregoing is true and correct.

Dated: May _15_ , 2020
at Eugene, OR

Gordon, Aylworth & Tami, P.C.

*Eleanor Tami*

[ ] Matthew R. Aylworth, WSBA #37892
[✓] Eleanor Tami, WSBA #45038
[ ] Taylor K. Jennings, WSBA #55320
Of Attorneys for Plaintiff

Page – 5 – Declaration for Garnishment
Case No. 19CIV15376KCX

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338
Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059
Email: info@gatlawfirm.com

Exhibit 1
Page 26 of 31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT C

Exhibit 1
Page 27 of 31

Electronically Filed
12/30/2019 3:59:39 PM
19CIV15376KCX
King County District Court

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY SOUTH DIVISION - BURIEN COURTHOUSE

MIDLAND FUNDING, LLC,

                          Plaintiff,

vs.

ANDRE SIMS,

                        Defendant(s).

Case No. 19CIV15376KCX

MOTION FOR ENTRY OF DEFAULT
JUDGMENT

COMES NOW the Plaintiff by and through its attorney, and moves the Court for the entry of a Default Judgment against the Defendant(s).  The basis for venue in the action is the fact that in accordance with the Affidavit of Service, the Defendant(s) reside(s) or are employed within the jurisdictional district of the above-entitled court at 2124 S.W 308th Ct., Federal Way WA 98023.  This Motion is based on the Declaration and Affidavit filed herewith.

DATED this __23__ day of December, 2019, at Lane County, Oregon.
                               Gordon, Aylworth & Tami, P.C.

                               _Eleanor Tami_

                        _____
                        [ ] Matthew R. Aylworth, WSBA #37892
                        [✓] Eleanor Tami, WSBA #45038
                        [ ] Peter A. Zochowski, WSBA #54455
                        [ ] Taylor K. Jennings, WSBA #55320
                        of Attorneys for Plaintiff

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338 Eugene, OR 97402
Phone: (541) 342-2776 Fax: (541) 343-8059 Email: info@natlawfirm.com

Exhibit 1
Page 28 of 31

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT D

Exhibit 1
Page 29 of 31

Electronically Filed
12/30/2019 3:59:39 PM
19CIV15376KCX
King County District Court

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338  Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-R059 Email: info@gatlawfirm.com

IN THE DISTRICT COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY SOUTH DIVISION - BURIEN COURTHOUSE

MIDLAND FUNDING, LLC,

                                        Plaintiff,

vs.

ANDRE SIMS,

                                        Defendant(s).

Case No. 19CIV15376KCX

DECLARATION IN SUPPORT OF MOTION
FOR DEFAULT JUDGMENT

I, the undersigned attorney declare

I am the attorney for the Plaintiff herein.  I make this declaration in support of the

Motion for Default Judgment and Judgment filed herewith.

     This case was filed on October 31, 2019.

     On November 7, 2019, copies of the Summons and Complaint in the above-

entitled matter were served upon Defendant Andre Sims.  A Declaration of Service is

on file and/or attached.

     More than 20 days have elapsed since the Defendant(s) was served.   The

Defendant(s) has not filed an appearance and has not filed or served any pleading.

     All documents establishing the Plaintiff's judgment are on file herein.

This is an action for breach of contract.  Proof of Claim in the form of a credit

card statement is attached hereto as Exhibit 1. Proof of assignment in the form of a Bill

of Sale with account specific attachment is provided as Exhibit 2. The Account Level

Terms and Conditions are included as Exhibit 3.   Also attached is the Plaintiff's

affidavit.

Page 1 -- Declaration
Case No.19CIV15376KCX

Exhibit 1
Page 30 of 31

1      Plaintiff requests post-judgment interest at the statutory rate of 9% from the

2  date of judgment until paid. Plaintiff also seeks costs and disbursements incurred

3  herein, plus interest thereon at the state statutory rate of 9% per annum from the

4  date of judgment until paid. A Cost Bill is filed herewith.

5      The Plaintiff has determined that the Defendant(s) are not a "Service Member"

6  as defined in Section 101(1), or in the Military Service as defined in Section 101(2),

7  of the Service Member's Civil Relief Act enacted December 19, 2003, and/or

8  a dependent of a service member.  The Military Status Report is attached as Exhibit

9  4.

10      To the best knowledge and belief of the party seeking judgment, the party

11  against whom judgment is sought is not an infant or incompetent person.

12

13  **I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

14  DATED this __23__ day of December, 2019, at Lane County, Oregon.

15

16                      Gordon, Aylworth & Tami, P.C.

17

18  [ ] Matthew R. Aylworth, WSBA #37892

19  [X] Eleanor Tami, WSBA #45038
   [ ] Peter A. Zochowski, WSBA #54455

20  [ ] Taylor K. Jennings, WSBA #55320
   of Attorneys for Plaintiff

21

22

23

24

25

26

27

28

Gordon, Aylworth & Tami, P.C.
Attorneys at Law
4023 W 1st Ave / P.O. Box 22338  Eugene, OR 97402
Phone: (541) 342-2276 Fax: (541) 343-8059 Email: info@gatlawfirm.com

Page 2 -- Declaration
Case No.19CIV15376KCX

Exhibit 1
Page 31 of 31